The next case today is United States v. Edgardo Quiros-Morales. Appeal number 22-1643. Attorney Kilmon, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. Marie Kilmon for Edgardo Quiros-Morales. I'd like to reserve two minutes for rebuttal, if I may. You may. You may. Thank you. Mr. Quiros-Morales has been in prison for the past 25 years on one count of conspiracy to distribute drugs. He currently faces the rest of his life in prison. Mr. Quiros-Morales appeals from the District Court's denial of his compassionate release motion. This Court should vacate that order and direct the District Court to grant the motion. Now, there is no dispute that the District Court's order is legally incorrect and cannot stand. We and the government agree on that point. No one is arguing that this Court should affirm. Excuse me, Counsel. Is that binding on us? I thought our case law was that we don't have to accept the confession of error. Your Honor, I don't believe our agreement is binding on you. However, I thought that since the parties are in agreement, I might focus my argument on what we are in dispute about. That's fine, as long as you understand what the case law is. Understood. Thank you, Your Honor. This dispute is about what this Court can do and should do in response to the District Court's error. The government argues that this Court should remand the District Court for another cycle of briefing. But this Court can and should do more than that. Excuse me, the government doesn't argue that we should remand for another cycle of briefing. The essence of the government's argument is that this issue, once the correct legal standard has been explicated by this Court and by its case law, is that the issue here, which is committed by our case law largely to the District Court's discretion, should be decided in the first instance by the District Court, and that decision reviewed by this Court, instead of being preempted by this Court and decided directly by it, in conformity, I might add, with the way every other compassionate release case that we've ever decided has been handled. Understood, Your Honor. May I add that I understand the government position to be, as a prudential matter, it should be remanded on exactly the terms Judge Selya just suggested. The government does not concede there was error. They say it's just the safer course to let the District Court consider this in light of the evolving case law. Understood, Your Honor, and I'll explain why we believe that remand is unnecessary here. There's essentially two reasons, timing and substance. On the substance, we believe this case presents such extraordinary conditions that clearly favor a sentence reduction, as in the two Fourth Circuit cases that we brought to this Court's attention, that remand is unnecessary. Five minutes remaining. Five minutes. And on timing, we believe that the additional time that it would take for the District Court to reconsider the motion would simply widen the vast discrepancy between the sentence that Mr. Quiroz-Morales has served and that received by other defendants similarly situated. And if I may, I'd like to elaborate a little bit on that extraordinary and compelling factor in favor of his release. First, the life sentence, Mr. Quiroz-Morales, I'm sorry, Your Honor. You're asking us to go back under the guise of compassionate release and review the sentence he originally got on a claim of disparity with co-defendants? How can we do that? That issue has been resolved. It's final. We're not free under the guise of compassionate release to go back and undo the original sentence. Your Honor, respectfully, compassionate release is an exception to the ordinary finality of criminal sentences when extraordinary and compelling conditions warrant such reconsideration. And we submit that for a variety of reasons, including that discrepancy, including the fact that the district judge never made a finding as to the basis for his application of the cross-reference in the original sentencing 20 years ago. And not only that, but also as a result of Mr. Quiroz-Morales' youth at the time of the offense conduct, the additional time that's elapsed since then, his extraordinary rehabilitation in the intervening years, among other factors, all weigh in making this such an extraordinary and compelling case that if this court is not inclined to direct the grant of it directly, we submit that at a minimum instructions to the district court would be warranted. Those are arguments. Those may be very good arguments to make to a district court. But it strikes me as unbecoming to make those arguments to us. We're not a court of first instance. We're a court of review. And we, for example, in this case, one of the essential elements of a compassionate release finding under the statute that you're relying on is an assessment of the Section 3553A factors. We don't have that in this case. District court never made that assessment. And you're, in effect, asking us to either assume that that assessment is favorable to you or to make that assessment ourselves on a record that is manifestly incomplete. I mean, is there any First Circuit precedent that indicates that this court has ever done anything like what you want us to do in this case? Your Honor, you're correct that there's no First Circuit case that we're aware of in which this court has directed the district court to grant compassionate release. However, as I'm sure the panel knows very well, it's only relatively recently that the law on compassionate release changed to permit defendants to bring their own motions. But there are many matters over the years committed to the discretion of the district court where we have had to send the case back on review. And we, as a matter of practice, almost as a matter of ritual, have not preempted the district court's exercise of that discretion. I think I've looked at all of our relevant case law, and we have uniformly, in those types of instances, compassionate release or other things, sent the case back so that the court of first instance can exercise the discretion that's given to it, and we can then review the exercise of that discretion. That's the orderly progression of these cases. And I can't think of any instance, nor have I or my law clerks been able to find one, where we've departed from that rule. So what you're asking us to do is really extraordinary but not compelling. Your Honor, I'm hearing your Honor's inclination to remand rather than to address these issues yourself in the first instance. However, if that is the panel's inclination, I would again reiterate that I believe it would be helpful for the district court to receive some guidance from this court. No. Why would we ever do that if it is assigned to the trial court and the first instance? Your Honor, I believe that since the district court, in our view, misapprehended the factors and reasons that it was able to consider in its analysis of the extraordinary and compelling considerations, it might be helpful for the panel to identify the factors that the district court might consider. That's time. Thank you, Your Honor. Thank you, counsel. At this time, if Attorney Kilmon will mute her audio and video. Thank you. And Attorney Vickery, please introduce yourself on the record for your response. You have 10 minutes. May it please the court, Sophia Vickery for the United States. This court should vacate the district court's order and remand the case for further consideration consistent with the traditional remedy for this type of situation. I can go directly to the remedy discussion since that seems to be the point of concern here. The government's position is that remand is appropriate for the district court to consider the issue in the first instance. Compassionate relief motions are entrusted to the discretion of the district court. That's made clear in Rubalcaba and Trankler, among many other cases, where this district court explained how a district court should assess those motions. In analyzing whether the reasons are extraordinary and compelling, the district court should look at the factual circumstances, any particular idiosyncratic aspects of the defendant's case. And then, if necessary, the district court should weigh the 3553A factors, a function that is at the core of the sentencing court's authority. The balance is also reflected in the fact that in Trankler and Rubalcaba and every other case that we've encountered, other than the two Fourth Circuit cases cited by the defendant, these types of cases are remanded for the district court. And in this court, as emphasized in Trankler, reviews them for abuse of discretion. And, of course, there is the Gonzalez case, which interprets both Trankler and Rubalcaba, which I believe neither party bothered to cite to this court. It's been decided since then, and it clarifies those two cases, but does not in any way undercut the notion that this is left to the discretion of the district court. Right. To the contrary, I believe that case also describes it as an abuse of discretion review. That's correct. These issues are left to the discretion of the district court, as many other sentencing matters are. The defense counsel mentioned several of the merits arguments that they're making with respect to what the district court considers a sentence or these alleged disparities. The government has serious concerns with the merits of those arguments, as explained in our brief. But more relevant for this juncture, those are exactly the kind of arguments that the district court should consider in the first instance. The district court can weigh those particular arguments and the specific facts of this case, decide whether or not they rise to the extraordinary compelling bar. The government, again, has concerns about that. But for this juncture, it's simply not the role of the reviewing court to undertake that analysis in the first instance. I'm happy to go into additional details on other questions. I'll simply ask the court to vacate and remand for further proceedings consistent with the instructions in Trankler and Ruvalcaba for the district court to evaluate the motion in the first instance. Excuse me, you don't mean just Trankler and Ruvalcaba. You mean the First Circuit law since the time of the initial consideration, correct? Those aren't the only two cases. Right, and let me be more precise. I just meant for the district court's analysis to follow the framework that was laid out in Trankler and Ruvalcaba in terms of how to evaluate what is extraordinary and compelling. I'd make exactly the same comment to you. In any event, it's up to us. Thank you. Thank you, counsel. At this time, please mute your audio and video. Attorney Kilmon, do you have a two-minute rebuttal? Please unmute at this time. Attorney Kilmon, reintroduce yourself to begin. Mary Kilmon. Your Honors, I'll just reiterate that I'm hearing your collective inclination to remand and that to the extent this court is inclined and open to doing so, we would submit again that any guidance from this court regarding the factors that the district court may consider in its reevaluation would be appropriate and helpful. Thank you, Your Honors, unless you have any further questions. Thank you. Thank you, counsel. That concludes argument in this case. Counsel, for this matter, can exit the meeting at this time.